1156

Yvonne WILLIAMS *v.* EMPLOYMENT SECURITY
DIVISION, Arkansas Department of Labor,
Henry L. McHENRY, Administrator and
GENERAL TELEPHONE COMPANY
OF THE SOUTHWEST

CA 79-24                                        594 S.W. 2d 52

Opinion delivered January 30, 1980
Released for publication February 20, 1980

*Jones &. Tiller,* by: *Marquis E. Jones,* for appellant.

*Thelma M. Lorenzo,* for appellees.

MARIAN F. PENIX, Judge. The Appeal Tribunal modified
an Agency determination and denied the claimant unem-
ployment benefits under the provisions of Section 5(b)(2) of
the Arkansas Employment Security Law. On appeal to the
Board of Review the Appeal Tribunal's decision was af-
firmed but was modified from disqualification under 5(b)(1)
to show disqualification within the meaning of Section 5
(b)(2). Claimant appeals to this court.

The claimant worked for General Telephone Company
in Jacksonville, Arkansas, from June 1976 until her dis-
charge in April 1979. The reason given for discharge by the
employer was the claimant had attempted to take certain
charges off her personal telephone bills. The employer's
representative testified the claimant had been warned about
the same conduct previously. The claimant had submitted a

number of adjustment forms to her employer in an attempt to take off her phone bill, certain installation and long distance charges. The claimant contended all these were submitted in good faith because she contended there had been malfunctions in the equipment which caused the charges to appear on her personal bill. The employer's representative stated the employer's investigation of the charges clearly indicated the claimant was attempting to defraud the employer by trying to avoid the payment of legitimate charges.

Section 5(b)(1) of the Arkansas Employment Security Law provides for disqualification "If he is discharged from his last work for misconduct in connection with the work." Section 5(b)(2) provides for disqualification "If he is discharged from his last work for misconduct in connection with the work on account of dishonesty, drinking on the job . . ."

The claimant alleges she was denied due process when she was not properly notified of the charges upon which the Appeals Referee's decision was based. The claimant asserts she was denied proper notice upon which to prepare her defense. We find no absence of procedural due process. Both disqualifications are couched in terms of "misconduct at work". Section 5(b)(2) specifies the misconduct at work involves dishonesty. There is no evidence the claimant was surprised at the specific misconduct in connection with her work. The evidence presented before the Appeals Referee was the same as that presented before the Agency. Therefore we find the claimant was in no way harmed by the modification made by the Appeals Referee.

The testimony of the claimant and the testimony of the employer's representative were somewhat contradictory as to the claimant's intent to defraud the employer. The credibility of witnesses is solely within the province of the trier of facts. The Tribunal made a finding the preponderance of the evidence shows the claimant wrongfully submitted the adjustment forms with the intent to defraud her employer. There is substantial evidence to support the decision.

We find no reason to disturb the finding of the Appeals Tribunal as upheld by the Board of Review.

Affirmed.

HOWARD and NEWBERN, JJ., dissent.

HAYS, J., not participating.

DAVID NEWBERN, Judge, dissenting. This is another case in which the notice to the employee to appear before the appeals tribunal specified a particular section pursuant to which the claimant had been found by the agency to be disqualified, and the referee upheld the disqualification based on a different section. I continue to believe this misleading kind of notice is insufficient to afford the claimant administrative due process, and I dissent for the reasons stated in my dissenting opinion in *Teegarden* v. *Director, Arkansas Employment Security Division,* 267 Ark. 893, 591 S.W. 2d 675 (Ark. App. 1979).

My dissatisfaction is increased by the apparent ease with which this problem could be solved. The notice, in my view, would be adequate if the hearing before the appeals tribunal were billed as a de novo determination of the claimant's right to unemployment compensation. In the *Teegarden* case, I said the notice would have to be considered too broad if no issue were specified. I continue to hold that view if the job of the appeals referee is to review the agency determination. But if, as seems to be the case, the appeals referee is authorized to make an independent determination, without respect to the agency determination, and if the claimant is notified his or her entitlement will be determined as if no prior determination had been made, the notice would be adequate.

Judge Howard joins in this dissenting opinion.